

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4816 | DATE | 10/29/2002 |
| CASE TITLE | Ezzat Slaieh et al. Vs. Ill Central RR et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendants' motion is granted and counts I and II are dismissed. Status hearing set for October 31, 2002 at 9:15am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 3 1 2002 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 34 |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EZZAT SLAIEH, NADIA SLAIEH. )
natural parents and next friends of )
SHADIA SLAIEH, a minor, )
)
           Plaintiffs, )
)
     vs. )   No. 02 C 4816
)
ILLINOIS CENTRAL RAILROAD, et al., )
)
           Defendants. )

DOCKETED
OCT 3 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this 16-count complaint against various defendants alleging negligence, breach of warranty, and product liability. Defendants Illinois Central Railroad Company (Illinois Central) and National Railroad Passenger Corporation (Amtrak) now move to dismiss plaintiffs' negligence claims in counts I and II. For the following reasons, defendants' motion is granted.

This lawsuit arises from injuries sustained by Shadia Slaieh, a minor, in a train derailment that occurred on March 15, 1999, in Bourbonnais, Illinois. Her parents filed this suit on her behalf in the United States District Court for the Southern District of Mississippi on March 14, 2002. The Mississippi court found that venue did not properly lie in Mississippi and transferred the suit here, finding that a substantial part of the events giving rise to plaintiffs' claims arose in the Northern District of Illinois. (*Case # 02 C 256 Opinion and Order, May 29, 2002 (S.D.Miss.)*). Illinois Central and Amtrak move to dismiss the negligence claims against them for failing to meet Illinois' statute of limitations for personal injury claims.

Since this case was transferred to us for improper venue, we apply the choice-of-law rules of the transferee court. Koutsoubos v. Casanave, 816 F.Supp. 472, (N.D.Ill. 1993). Under Illinois choice-of-law rules, courts apply their own forum state's statutes of limitations. ABF Capital Corp. v. McLauchlan, 167 F.Supp.2d 1011, 1014 (N.D.Ill. 2001). Under Illinois law plaintiffs had two years after the cause of action accrued in which to file the negligence claims. 735 ILCS 5/13-202. They did not file within the time allotted.

Plaintiffs ask that if we find the filing untimely, we excuse the untimeliness by applying equitable tolling. Equitable tolling is appropriate if defendants actively misled plaintiffs, if they had been prevented from asserting their rights, or if they timely asserted their rights mistakenly in the wrong forum. Noakes v. National Railroad Passenger Corp., 312 Ill.App.3d 965, 968, 729 N.E.2d 59, 62 (1st Dist. 2000). The last situation is not present – plaintiffs did not timely assert their rights in the Mississippi court. In support of a finding that plaintiffs had been misled or prevented from asserting their rights, they submit a letter sent by their attorney to defendants, dated June 21, 1999, that references correspondence between the parties regarding the train accident. Plaintiffs assert that the letter shows that they were engaged in good faith negotiations and that defendants had notice that a suit could follow. But alleged settlement negotiations early in the limitations period and notice of a possible lawsuit do not excuse plaintiffs from filing within the statute of limitations. Phelan v. Keiser, 312 Ill.App.3d 573, 727 N.E.2d 390 (5th Dist. 2000). Plaintiffs offer no evidence that they have been misled or prevented "in an extraordinary way" from asserting their rights, and equitable tolling is therefore not appropriate. Noakes, 312 Ill.App.3d at 968, 729 N.E.2d at 62.

In the alternative, plaintiffs request that their claims be dismissed without prejudice so that they can bring them under a different statute. They cite 735 ILCS 5/13-211, which

provides that a person who was a minor at the time of an accident can bring a suit within two years after they reach the age of eighteen. Plaintiffs allege that Shadia Slaieh was born October 14, 1981. Inasmuch as she turned eighteen on October 14, 1999, her claims would have been timely only if they were brought by October 14, 2001. This suit was commenced five months after that deadline.

For the above reasons, defendants' motion is granted and counts I and II are dismissed.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 29, 2002.